McKinney, J.,
delivered the opinion of the Court.
The mortgage or deed of trust which the bill seeks to have set up and foreclosed, stipulates in substance that, on failure of the defendant to pay the amount secured by the deed at the time specified, the trustee shall proceed to sell the lot of ground conveyed for cash, “ and make to the purchaser of said lot a perfect title thereto, free of all *418 equity of redemption or right of re-purchase on the part of said Bowen or any one claiming under him; and which the said Bowen, in the event of a sale, expressly waives, releases, and gives up, so that the purchaser may get a full and perfect title.”
The decree of the Chancellor gives full effect to this stipulation, and directs a sale for cash, cutting off the right of redemption. This is contrary to an ancient and cherished principle of equity, said to be borrowed from the civil law, which is thus stated by Mr. Story, (Bq. Ju., vol. 2, § 1019:) “ So inseparable, indeed, is the equity of redemption from a mortgage, that it cannot be disannexed even by an express agreement of the parties. If, therefore, it should be expressly stipulated that, unless the money should be paid at a particular day, or by or to a particular person, the estate should be irredeemable, the stipulation would be utterly void.” In the civil law, such a condition was regarded as oppressive and unjust. The reason is apparent: the pressure of necessity on the part of the mortgagor, and the influence and advantage over him which, from his situation, the mortgagee must necessarily possess, enables a relentless money-dealer to dictate his own terms. In this State, the right of redemption cannot be excluded in the case of mortgages and deeds of trust of the same nature, except by the decree of a Court of Equity, pursuant to the act of 1833, ch. 47, § 2.* See Burrow vs. Henson, 2 Sneed, 658.
The decree will be modified in this respect.

 Act or 1833, ch. 47, $ 2: “In all cases where land or interest in lands is directed to be sold by order of the Court of Chancery founded on a foreclosure of a mortgage, deeds of trust, or any other case where the specific land to be sold is mentioned in the decree, upon the appli *419 cation of the complainant, the Court shall be empowered to order the property to be sold, on a credit of not more than two years nor less than sis months; and when the sale is made by the master or commissioner, and confirmed by the Court, no right of redemption or repurchase shall exist in the debtor or other creditor, but the title of the purchaser shall be absolute, and the Court may order the surplus of the purchase-money or the bonds or notes taken therefor, over and above what is necessary to pay the debt due to the complainant, to be paid to the debtor or other creditors who may be legally or equitably entitled thereto.”